UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ERIC PETRY** | **CIVIL ACTION NO. 07-1185** |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE HAIK** |
| **WARDEN, CALDWELL DETENTION CENTER** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on July 16, 2007, by *pro se* petitioner, Eric Petry, pursuant to 28 U.S.C. § 2254.  Petitioner is an inmate incarcerated at the Caldwell Detention Center, in Grayson, Louisiana.  Petitioner challenges his 1990 convictions for Simple Arson and Simple Burglary which were entered in the 15th Judicial District Court, for Vermilion Parish under docket number 26759.

## LAW AND ANALYSIS

Petitioner admits that he attacked these same convictions in two previous federal petitions for writ of *habeas corpus* filed in this court on September 19, 1996 and June 2, 2005, respectively. [rec. doc. 1, ¶ 9; Court Exhibit 1, *Eric Petry v. Warden Avoyelles Correctional Center*, Civil Action Number 6:96-cv-2222; *Eric Petry v. Warden Lafayette Parish Correctional Center*, Civil Action Number 6:05-cv-0957].

In his first such prior petition, Petry asserted that he received ineffective assistance of counsel, that his sentence was excessive and that he was denied due process through selective and vindictive prosecution.  That petition was denied and dismissed with prejudice by Judge Melancon on January 30, 1998 following a response by the State of Louisiana and a Report and Recommendation by Magistrate Judge Tynes.

Petry's second federal *habeas corpus* petition was deemed a second and successive petition filed without appropriate authorization of the United States Fifth Circuit Court of Appeal.  Accordingly, by Order dated August 3, 2005, the petition was transferred to the Fifth Circuit Court of Appeals for petitioner to obtain authorization to file his second and successive *habeas corpus* petition in this court.  Thereafter, on December 6, 2005, the Fifth Circuit denied petitioner's request for authorization to file his petition in this court. *In Re: Eric Petry*, No. 05-30851 (5th Cir. 2005).

In the instant petition, Petry again attempts to challenge his 1990 convictions for Simple Arson and Simple Burglary.

The instant petition is a clearly a second and successive petition under 28 U.S.C. § 2244. AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a §2255 petition should be considered second or successive for purposes of  § 2244(b)(3).   A prisoner's petition is not second or successive simply because it follows an earlier federal petition.  *In Re Cain,* 137 F.3d 234, 235 (5th Cir.

1998). Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000). Such claims are deemed second or successive. *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is second and successive. The claims raised herein either were or could have been raised in the earlier petitions. Moreover, petitioner's first prior petition was adjudicated on the merits and denied and dismissed with prejudice by this court. Hence, the instant petition is unquestionably second and successive.

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in

accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate. The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases. Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court. *Id.*

In the instant case, petitioner fails to show that he has made any attempt to obtain authorization for the instant petition. Moreover, in light of petitioner's previous denial of authorization by the Fifth Circuit, it is clear that petitioner is aware of this court's

inability to consider his petition in the absence of authorization. Yet, rather than follow the procedural prerequisites to filing in this court, petitioner instead again filed for relief directly in this court in an obvious attempt to circumvent those procedures. Review of petitioner's previous filings reveals that petitioner is obviously well versed in the law and should be both aware and able to request the appropriate authorization from the Fifth Circuit. Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has requested such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 27th day of August, 2007.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

6